liBARRY, Judge,
concurring with reasons.
I agree that the hearing officer’s judgment should be affirmed. I disagree with the majority’s analysis of the law that applies to the reduction of supplemental earnings benefits.
The record does not support the termination of benefits. Burger King argues that the supplemental earnings benefits should be terminated because Mr. Bastoe’s treating physician, Dr. Allain Cracco, released him to regular duty without restrictions. Dr. Crac-co stated in his November 16,1994 deposition that Bastoe had a twenty five percent anatomical disability and was released to work with restrictions against lifting 75 pounds, driving more than two hours without a break, and twisting and bending his back. Moreover, Burger King did not prove that Mr. Bastoe is capable of earning 90% of his pre-injury wages or that he is earning less than he is able to earn.
The majority holds that the directed verdict was harmless error because
the employer’s burden is the same whether he is seeking to terminate or modify SEBs, and because the hearing officer considered the merits of Burger King’s motion to terminate benefits....
The majority then holds that Burger King is not entitled to terminate (and by inference, not entitled to modify) supplemental earnings benefits because Burger King did not provide
available jobs in which Mr. Bastoe could earn at least ninety percent of his pre-injury wage of $867.62 per week. This would mean that a potential job would have to guarantee a salary of at least $731.13 per week.
12That standard applies to the employer’s attempt to defeat or terminate supplemental earnings benefits, but not to reduce benefits.
Daugherty v. Domino’s Pizza, 95-1394 (La. 5/21/96), 674 So.2d 947, held:
Entitlement to supplemental earnings benefits is governed by La. R.S. 23:1221 (3). In order to recover, the employee must first prove by a preponderance of the evidence he is unable to earn wages equal to ninety percent or more of the wages he earned before the accident.... Once the employee’s burden is met, the burden of proof then shifts to the employer, who, if he wishes to contend that the employee is earning less than he is able to earn so as to defeat or reduce supplemental earnings benefits, bears the burden of proving that the employee is physically able to perform a certain job, that the job was offered to the employee or that the job was available to the employee ... in his or the employer’s community or reasonable geographic region.
Id. at 952. See also Reed v. Direct Installers, 95-1684 (La. App. 4 Cir. 1/31/94), 669 So.2d 529, 534.
To defeat an award of SEBs the employer must prove that “the employee is physically able to perform a certain job” earning 90% or more of his pre-injury wages. To modify SEBs the employer must prove that “the employee is physically able to perform a certain job,” but the jurisprudence does not require that the job pay 90% or more of the employee’s pre-injury wages Rather, the employer must show “that the employee is earning less than he is able to earn.” See Reed v. Direct Installers, 669 So.2d at 534.
Mr. Bastoe’s payroll summary register from Lafarge Construction Materials (his present employer) was admitted into evidence. That shows that Bastoe was earning $9.10 per hour until January 23, 1995, when his wage was increased to $9.20 per hour. Carla Seyler testified concerning jobs which would be available to Mr. Bastoe considering his physical limitations. The starting wage for most positions except auto body painter was under $9.20 per hour.
*279 |3Ms. Seyler testified that there was a truck driving position available at A-l Trucking for a salary “up to $12.00 per hour” and another at JOTCO with a salary “estimated approximately $30,000 per year.” However, she did not specify the starting wage for either position. Mr. Bastoe’s payroll summary register shows that he earned over $27,000 in 1994 (before he received the raise in January 1995). Without a precise salary range from JOTCO, it is unclear whether Mr. Bastoe is earning less than he could earn at JOTCO.
The entry level wage for an automobile body painter at one dealership was $12.00 per hour. However, Mr. Bastoe’s testimony and the physician review form that was submitted with Dr. Craeco’s November 1994 deposition establish that Mr. Bastoe is not able to perform auto body painting on a full time basis. Mr. Bastoe testified that he painted a ear one weekend and had to see the doctor the following Monday because of pain. The report attached to Dr. Cracco’s deposition lists several job titles, including auto body painting, each of which is checked “Approved” or “Not Approved.” Auto Body Painter is “Not Approved.”
Burger King did not establish that Mr. Bastoe is earning less than he is able to earn. I respectfiilly concur.